UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM SCOTT CARMODY,

        Plaintiff,

v.                                             Case No. 6:14-cv-830-Orl-37KRS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on the Defendant, State Farm Mutual Automobile Insurance Company's Unopposed Motion to Dismiss Counts II and III of Plaintiff's Complaint (Doc. 8), filed June 5, 2014.

**BACKGROUND**

Plaintiff filed this insurance coverage action in state court, and Defendant removed the action to this Court on May 29, 2014. (Doc. 1.) In his three count Complaint, Plaintiff alleges that he was "rear-ended" by Jennifer R. Vause on September 22, 2011 (the "Accident"), and he suffered injuries as a result. (Doc. 2, ¶¶ 2–4, 18.) Plaintiff further alleges that Ms. Vause "will be unable to fully compensate the Plaintiff for the losses and damages incurred." (*Id.* ¶ 7.) Accordingly, Plaintiff sought $100,000.00 in uninsured motorist coverage from the Defendant under Policy Number 028708159E (the "Policy"). (*Id.* ¶¶ 2–4, 16–17, 19; Doc. 1-1, p. 13.) Plaintiff alleges that Defendant has violated the Policy by failing to "pay uninsured motorist coverage benefits as requested by Plaintiff." (Doc. 2, ¶¶ 8–9.) Plaintiff further alleges that on August 27, 2012, he "submitted a time limit demand" to Defendant, which Defendant did

not accept. (Doc. 2, ¶¶ 20–21, 32–33.) Plaintiff then filed a "Civil Remedy Notice of Insurer Violations with the Florida Department of Financial Services," and Defendant did not remedy the violation within sixty days "as provided by Florida Statutes § 624.155." (*Id.* ¶¶ 22, 25, 35, 37.) Finally, Plaintiff alleges that "if the Defendant had acted fairly and honestly, and with due regard for the Plaintiff's interests," it would have timely settled Plaintiff's claim against the Policy. (*Id.* ¶ 31.)

Plaintiff asserts a breach of contract claim ("Count I"), a claim for declaratory relief ("Count II"), and a bad faith claim ("Count III"). (*Id.* ¶¶ 6–42.) On June 5, 2014, Defendant filed an answer to Count I (Doc. 7), and moved to dismiss Counts II and III. (Doc. 8.) Pursuant to Local Rule 3.01(b), the deadline for Plaintiff to file his response to the motion to dismiss was June 22, 2014. As of the date of this Order, Plaintiff still has not filed a response to the motion; thus, the Court finds that the motion to dismiss is unopposed and is due to be granted.[1]

## STANDARDS

When ruling on a motion to dismiss for failure to state a claim, the court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). With reference only to the non-conclusory and well-pled facts, the Court must determine whether the plaintiff states "a claim to relief that is

---

[1] *See Cortez v. City of Orlando, Fla.*, No. 6:13-cv-164-Orl-28TBS, 2013 WL 1821048, at *1 (M.D. Fla. Apr. 30, 2013) (granting motion to dismiss as unopposed); *Patton v. Ocwen Loan Servicing, LLC*, No. 6:11-cv-445-Orl-19DAB, 2011 WL 3236026, at *2 n. 3 (M.D. Fla. July 28, 2011) ("Failure to oppose a motion raises an inference that the party does not object to the motion."); *see also Gibson v. Techtronic Indus. N.A., Inc.*, No. 8:14-cv-1190-T-27AEP, 2014 WL 2625301, at *2 n. 1 (M.D. Fla. June 12, 2014); *Winn Dixie Stores, Inc. v. Aspen Transp., LLC*, No. 6:13-cv-791-Orl-31GJK, 2013 WL 4780125, at *3 n. 2 (M.D. Fla. Sept. 5, 2013); *Yakan v. Astrue*, No. 8:11-cv-2346-T-27EAJ, 2012 WL 939813, at *1 n. 1 (M.D. Fla. Mar. 20, 2012).

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679.

### DISCUSSION

Defendant contends that the Court should dismiss Plaintiff's declaratory judgment claim (Count II) because there "is no dispute as to a coverage issue, but rather issues relating to liability and damages to which Defendant is entitled to present to a jury for verdict." (Doc. 8, p. 2 (arguing that Plaintiff improperly seeks "a preemptive finding on damages").) Alternatively, Defendant argues that "the Court should decline to exercise its discretion to entertain" the declaratory judgment claim because it is "redundant to" the coverage claim in Count I. (*Id.* at 3.) Defendant's arguments are consistent with Florida law, and Plaintiff has submitted no opposition. *See Legion Ins. Co. v. Moore*, 846 So. 2d 1183, 1185–87 (Fla. 4th DCA 2003) (affirming dismissal of uninsured motorist declaratory judgment claim dealing with "critical factual issues" concerning the accident). Accordingly, Defendant's motion to dismiss Count II is due to be granted.

Defendant contends that the Court should dismiss Plaintiff's statutory bad faith claim (Count III) as premature because "there has not been a final determination of liability and the 'extent of damages owed on the first-party insurance contract.'" (Doc. 8, at 7 (quoting *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000).) Further, Defendants contend that they will be unfairly prejudiced if the Plaintiff "is permitted to pursue a bad faith claim through discovery and trial in conjunction with" his coverage claim. (*Id.* at 9.) Again, the Court finds that Defendant's motion is due to be granted

because Defendant's arguments are consistent with Florida law, and Plaintiff has submitted no opposition. *See Blanchard v. State Farm Mut.l Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) ("[A]n insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits.").

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. State Farm Mutual Automobile Insurance Company's Unopposed Motion to Dismiss Counts II and III of Plaintiff's Complaint (Doc. 8) is **GRANTED**.

2. Counts II and III of the Plaintiff's Complaint (Doc. 2) are **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 3, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

4