**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WILLIAM SCOTT CARMODY,

        Plaintiff,

v.                                       Case No. 6:14-cv-830-Orl-37KRS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

(1) U.S. Magistrate Judge Karla R. Spaulding's Order (Doc. 62), filed April 1, 2015;

(2) Plaintiff's Motion for Reconsideration Pursuant to Rule 26(a) (Doc. 72), filed April 15, 2015; and

(3) Response to Plaintiff's Motion for Reconsideration (Doc. 74), filed April 21, 2015.

**BACKGROUND**

In this action, Plaintiff seeks damages from his insurer, Defendant State Farm Mutual Automobile Insurance Company, based on Defendant's failure to pay uninsured motorist insurance benefits under Policy 028708159E ("Policy) for an automobile accident that occurred on September 22, 2011 ("Accident"). (*See* Doc. 2; *see also* Doc. 10.) On September 10, 2014, the Court entered a Case Management and Scheduling Order, which required the parties to complete discovery by April 17, 2015, and required disclosure of expert reports by December 19, 2014 (for Plaintiff), and

January 20, 2015 (for Defendant). (Doc. 18 ("CMSO").) The Court also entered an Order on January 28, 2015, which required Plaintiff to appear at and submit to an independent medical examination ("IME") at a specified place and time. (Doc. 28 ("First IME Order").)

On February 6, 2015, Defendant filed a Motion to Compel better responses to discovery (Docs. 31, 32, 35), and the Court entered an Order requiring Plaintiff's counsel to confer with Defendant by phone on or before February 18, 2015 (Doc. 33 ("First Order").) Plaintiff did not comply with the First Order or file a response to the Motion to Compel (Doc. 62, p. 3), and the Motion to Compel was granted (Doc. 37 ("Second Order").) Specifically, the Second Order required Plaintiff to disclose his expert witness reports and provide deposition dates for such experts, to supplement other discovery, and to pay Defendant $300.00 pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). (*Id.* at 5–6.)

Contending that Plaintiff had not complied with the Second Order, Defendant filed a Motion for Contempt on March 10, 2015 (Doc. 41), and Judge Spaulding set the matter for a hearing on March 13, 2013 ("Hearing"). (*See* Doc. 42 ("Third Order"); *see also* Doc. 36, 38, 42, 43.) In the Third Order, the Court again directed Plaintiff to respond to discovery, or to show cause at the Hearing why sanctions should not be imposed. (*See id.*) On the day of the Hearing, Plaintiff filed a response and requested an extension of time to comply with the Court's Orders. (*See* Doc. 44.)

After the Hearing, Judge Spaulding entered Orders requiring Plaintiff to: (1) appear for an IME and pay $1,620.00 to cover expenses incurred by Defendant when Plaintiff failed to appear for his initial IME (Docs. 47, 49 ("Second IME Order"); and (2) denied Plaintiff's request for an extension of time to comply with the Court's

2

Order and directed that Plaintiff file a discovery update concerning his compliance efforts on or before March 20, 2015 (Doc. 50 ("Fourth Order")). On March 20, 2015, Plaintiff filed: (1) notices that Plaintiff had served Defendant with "amended answers" to Interrogatories (Doc. 52) and amended responses to Defendant's Requests to Produce (Docs. 54, 55); and (2) an Amended Notice of Disclosure of Trial Expert Summaries, which identified five treating physicians as prospective expert witnesses (Doc. 53).

On March 24, 2015, Judge Spaulding entered an Order granting Defendant's Motion to Compel in part, denying it in part, and declining to award attorney fees to Defendant ("Fifth Order"). (Doc. 56.) A week later, Judge Spaulding entered an Order granting Defendant's Motion for Contempt in part. (Doc. 62 ("Sixth Order").) In her Sixth Order, Judge Spaulding found that Plaintiff had failed to comply with three Court Orders (*id.* at 6–9), and Plaintiff's untimely expert disclosures did not comply with the requirements of the Second Order and Rule 26(a)(2)(C) (*id.* at 10). Accordingly, Magistrate Judge Spaulding imposed sanctions under Rule 37(b)(2) in that she precluded Plaintiff from relying on the testimony of Mark J. Timken, M.D. and Sean Mahan, M.D. at trial or any hearing, and she allowed Plaintiff to offer the opinion testimony of the remaining treating physicians only to the extent such opinions are "based on observations made during [Plaintiff's] course of treatment." (*Id.* at 10–11.)

On April 15, 2015, Plaintiff filed a Motion for Reconsideration of the Sixth Order pursuant to Rule 26(a). (Doc. 72.) Rule 26(a) does not provide for reconsideration of a Magistrate Judge's Order; accordingly, the Court will treat the filing as Objections timely filed in accordance with Rule 72(a). Defendant responded to Plaintiff's Objections on April 21, 2015, and the matter is now ripe for adjudication.

**STANDARD OF REVIEW**

When a party objects to a magistrate judge's non-dispositive pretrial order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A); *see also Florence v. Novo Nordisk, Inc.*, 569 F. App'x 906, 909 (11th Cir. 2014).

**DISCUSSION**

Plaintiff objects to the portions of the Sixth Order that: (1) found that Plaintiff's Rule 26(a)(2)(C) disclosures were untimely, inadequate, and violated the requirements of the Second Order; and (2) sanctioned Plaintiff by precluding him from relying on the testimony of Drs. Timken and Mahan and limiting Plaintiff's reliance on the testimony of his remaining treating physicians. (Doc. 72, p. 1.) Plaintiff argues that these aspects of the Sixth Order appear "inconsistent" with the Court's prior rulings and "with established law that exempts treating physicians from the strict mandates of Rule 26(a)." (*Id.* at 6.)

The law is well-settled that district courts have broad discretion to exclude expert-witness testimony that is untimely or fails to satisfy the procedural requirements of Rule 26(a)(2). *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1315 (11th Cir. 2014) (holding that untimely disclosure of expert witness opinions warranted exclusion of the testimony at trial); *see Romero v. Drummond Co., Inc.*, 552 F. 3d 1303, 1323–24 (11th Cir. 2008) (same). Here, the record is clear that Plaintiff did not comply with the Court's initial disclosure deadline of December 19, 2014, or the March 9, 2015 deadline set forth in the Second Order, or the March 13, 2015 deadline set forth in the Third Order. Further, upon careful review, the Court finds that: (1) Judge Spaulding did not clearly err or disregard controlling law when she found that the untimely disclosures

finally produced by Plaintiff were deficient under Rule 26(a)(2)(C); (2) Plaintiff did not establish that his deficient and untimely production was harmless or resulted in no prejudice; and (3) Judge Spaulding chose an appropriate sanction under the circumstances. Accordingly, the Court rejects Plaintiff's arguments and finds that Judge Spaulding's findings and choice of sanctions was not clearly erroneous or contrary to law.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Reconsideration Pursuant to Rule 26(a) (Doc. 72) is **DENIED**.

2. U.S. Magistrate Judge Karla R. Spaulding's Order (Doc. 62) is **ADOPTED AND AFFIRMED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 7, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

5